Good morning, Your Honor. Rosemary Rodriguez on behalf of Appellant Richard Edwards. The case at issue here is a discrimination, an employment discrimination case, and a case brought pursuant to 1983. The case was dismissed in part by the District Court on the basis of race judicata and collateral estoppel based on a proceeding before the City of National City at the administrative level and the writ of mandate thereafter. The appellant argues that the issue of collateral estoppel and race judicata was misapplied in this case, that the commission, the Civil Service Commission, and thereafter the City of National City, lacked jurisdiction to hear the matter before it. Therefore, there was no hearing on the merits. The second prong of the three-prong Utah construction requirements was not met. The issue was not properly before the commission. I'd kind of like to focus on this is somewhat of a policy issue in terms of what you're asking the court to find in terms of the logistics of, you know, a lot of like firefighters and police have agreements about how they first, you know, they go through the Civil Service Commission or they go through an arbitrator and then it goes to the Superior Court and they're, you know, they deal with those immediate issues and then later there may be, you know, there may be lawsuits filed in the federal court. In this situation where, you know, why wouldn't, if we agree with your position, why wouldn't everyone refuse to show up at their civil service hearings? And because, I mean, a lot of, there's a lot of stress in, you know, when you see these cases, you know, oftentimes in the firefighter and police cases, you know, I mean, a lot of them are stress-related and these are jobs where people do have a lot of physical injuries, they do have a lot of mental stress in going through it. You know, if we were to rule the way that you were, then I think anyone after this would just tell their clients, you know, don't show up at your, you know, your civil service hearings and then you can just bring, you know, then you can pick your venue later in federal court, which will be much more favorable to you. Well, that is, in fact, the system that has been set up in the state of California. The California Supreme Court, in the case of Schifando v. City of Los Angeles, which is cited in our appellant's opening brief, faced that very issue in the case. In the Schifando case, the City of Los Angeles had an ordinance that required the public employee to first avail himself of the Civil Service Commission procedure. And the California Supreme Court ordered that a public employee has a choice of remedies. They can choose to go through the Civil Service Commission or they can choose to go through the procedures under the California Fair Employment and Housing Commission. Is that federal law, though? Assuming a person of sound mind and body, is that federal law? No, Your Honor. But the Civil Service Commission that's at issue in this case was brought in California under California law, pursuant to the California procedures and the California law. Some of the causes of action that were dismissed in this complaint were brought pursuant to the California anti-discrimination statutes. And I would simply like to point out that what happened in Mr. Edwards' case is exactly the type of situation that the court said that to require a public employee to first go through the Civil Service Commission would be inconsistent with the legislative purpose of the California anti-discrimination statutes. They were ---- So let me just understand the import of your argument. It seems to me, I want to just be sure I understand what you're saying. You're saying, in answer to Judge Callahan, that that isn't necessarily a bad policy, but more specifically that the California-based claims should be treated differently than the federal claims in this case? Well, Your Honor, what I'm saying is that under the Utah construction, none of the claims that are at issue here were before the commission. The commission did not have jurisdiction to hear those claims. That's a different question. I guess I'm still on the theoretical level here. Again, assuming somebody who's completely able to participate in the process but refused to do so or declined to do so or went on vacation or whatever the reason is, you're saying that in California, under California law, they can still go to court because there's no exhaustion requirement. Is that true? If they are alleging discrimination. Okay. That was the case here. So you're saying that regardless of any other issue, that state law claim should go forward somewhere in federal court or state court or somewhere. That's correct, Your Honor. Well, now, so you're saying that under ---- Let's focus for a moment on the state claims as distinguished from the federal claims. You're saying that under California law, the employee has a choice. That's correct, Your Honor. Now, somebody chose on his behalf to start the administrative process. Your Honor, in fact, it was not chosen on his behalf. When the notice of termination or the notice of disciplinary action with regard to the termination was issued, Mr. Edwards, who was being represented at that time by his wife, responded to the notice with a letter to the city which stated that Mr. Edwards lacked the mental capacity to decide whether or not to appeal the proposed termination. And that letter is the excerpts of the records 354. So he did not ---- This is before Mr. Gill was involved? Yes, Your Honor. Okay. And is his wife a lawyer or was she just ---- No, she was just representing him because of his mental incapacity. He was unable to represent himself. This letter was accompanied by medical documentation. I'm sorry, Your Honor. Then instead of saying, instead of making it clear to the commission that he didn't want to be there, he asked for a postponement. Right? Yes, Your Honor. Once he made ---- once this letter was sent that he could not determine at that time whether or not he wanted to appeal, the commission then calendared the matter as though he had appealed. What I'm getting at is that instead of going there and saying, I'm not here, I want some other avenue or some other vehicle, he in effect told the commission, this is the remedy I want to pursue, now give me some more time. No, Your Honor. I believe that what Mr. Gill did was he appeared at the various hearings saying that Mr. Edwards continued to be disabled and asking for more time so that he could consult with him so that they could make this decision whether or not he wanted to appeal. But how can you appear ---- I think you're saying that he never made a general appearance, but there are actually continuances that are accomplished, I think more than one. Yes, Your Honor. Three, maybe? Until finally, and then they say they want medical evidence, right? And that's provided. Correct. And then when finally the Civil Service Commission said, and then the lawyer shows up and wants another one, and finally the Civil Service Commission says, well, no, we're going ahead today, and the medical evidence isn't, you know, sufficient to put that off anymore, but the lawyer walks out knowing that they're going to go ahead, right? Correct, Your Honor. And then they went and took some evidence then too, didn't they, that day? Yes, Your Honor, they did. And that was what they called a couple of witnesses? Yes, Your Honor. Okay. Mr. Gill did not have the authority from Mr. Edwards to appear generally to represent him with regard to the taking of the testimony and the termination for a general hearing. He was only there to represent him, to seek a continuance, so that Mr. Edwards could decide whether or not this was the track he wanted to take. Obviously, there was always a risk he wasn't going to get a continuance, and you've got to discuss what's going to happen then. And obviously, his marching orders were, if you don't get the continuance, then leave and let them do what they must. I can only speculate. I was not involved then, but that is indeed what happened. The reason for all of this was the asserted incapacity of this man. Do we have any reason to believe, well, first of all, alas, does he have a general guardian? Obviously, he doesn't have a guardian ad litem. Do we have any reason to believe that he is any more competent now than when he was before the commission? I don't have any evidence of him after the commission. His wife now has his power of attorney at the present time. But aren't we in about the same position as the commission? How do we know that he's given authority for this appeal any more than the appeal? Well, as I said, his wife now has power of attorney, and through his wife he has given authority for the appeal. Well, that doesn't get us any place if he doesn't have the capacity. I understand. And here this record is full of assertions that he was not even competent to decide whether he wanted to appeal his termination or his demotion, either one. And that is, frankly, of great concern here, that this is as idle as the exercise that you claim that occurred in front of the commission. Well, Your Honor, Mr. Edwards, as I say, through his wife, has authorized this proceedings and has authorized us to move forward. She can't do it unless she has more authority, I would think, than you've described by way of a power of attorney. Well, Your Honor, this is an issue that was not before the commission nor before the court. No, but it pertains to our own jurisdiction, so it's something we maybe need to think about. I guess just from a kind of global perspective, there really were two factual possibilities. Either he was completely incapacitated, which somewhat validates his termination, because someone who is completely and utterly incapacitated can't work as a firefighter. The flip side of that is he wasn't completely incapacitated, and he had this procedural opportunity with a lawyer there making presumably strategic decisions whether or not to cross-examine witnesses or whatever. But either way, it seems like kind of a difficult box in terms of the ultimate merits of the claim. Well, Your Honor, you know, could the city have at some point in time given Mr. Edwards an ultimatum, you must make a decision by this date? Or did they have other avenues available to them on the basis of Mr. Edwards' asserted disability? And, yes, they did. There were other avenues. The Civil Service Commission determined that he wasn't. Did they make an actual determination he wasn't mentally incapacitated to go forward? No, Your Honor. Wow. They simply decided not to further continue the matter. You know, throughout the record. Isn't there an argument that encompassed in that because they had asked to have some proof submitted? Correct, Your Honor. About, and something was submitted from a doctor. That's correct, Your Honor. And they saw that. Yes, Your Honor. And they denied the continuance and said, no, the hearing's going to go ahead today. Isn't implicit in that a finding on their part that he was not mentally incapacitated to be, to proceed and be there? I mean, I'm just, yeah, I'm playing the devil's advocate here. I mean. Perhaps it is. But then we still have the issue that even if the commission determined that he was not too mentally incapacitated to make the decision whether to opt into this proceeding, he had still not opted into the Civil Service proceeding. Well, let me just say, let's just take this scenario. If we were to find that there was evidence, you know, that the lawyer generally appeared, not specially appeared, was generally appearing, that he was represented, that the lawyer put in evidence of his incapacity to be there, the court didn't, I mean, the Civil Service Commission, the judicial body did not buy that, and so denied the continuance and said, no, based on what you presented, we find that, you know, we don't find that he's incapacitated to go ahead. We're going ahead. Then the lawyer makes a decision, well, I'm not going to do, you know, we're going to walk out. We're going to walk. We're not going to do it. They go ahead, essentially have a hearing in absentia. They call witnesses, and there's evidence of why he was terminated, right? Correct. And if, in fact, he willfully absented himself, he was not mentally incapacitated, they would have the authority to go ahead and hold that hearing. Then is there an argument that he can be stuck with all of that then, if we were to find that every step of the way? If he had opted into the proceeding, yes, Your Honor, which he did in the demotion portion, which is not before the Court today, but he never opted into the civil service proceeding. Are there any other questions? No, there aren't at the moment. We've asked a lot, so we'll give you some rebuttal time, too. Thank you. May it please the Court, Stephen Diemer for the respondents. There are several issues. I wanted to make sure. Counsel indicated the demotion component was no longer part of this case. So with that said, I'm going to move on to the termination portion. It's the respondent's position that Mr. Edwards did, in fact, opt into the Civil Service Commission. Mr. Gill appeared on no more than three occasions at the hearing. It was continued on three separate occasions. The commission then went forward with evidence, in essence, on a default prove-up basis because Mr. Gill walked out of the commission hearing. Do you agree or disagree with the basic principle that is for the state claims, an employee in this situation has a choice, does not have to go through this process unless they opt in? I do not agree with that, and that has not been demonstrated in the brief. So you disagree with that as a statement of California law? I do. It was not contained within the brief. I'm not asking about the brief. I'm asking about California law. Does an employee who has been terminated as a firefighter have to go through the kind of administrative proceeding that was had here, or instead, does that employee have a choice whether to go administratively or go into court? It is my understanding that through this particular city and the MOUs that are not lodged as part of the record, they need to participate in the personnel commission hearing and exhaust their administrative remedies first before proceeding to court. And the California Supreme Court decision that was referenced doesn't preclude that sort of an arrangement? I have not looked at that closely, Your Honor. The reason being, procedurally, this case, in my opinion, is barred because notwithstanding argument of counsel on the petition for writ of mandate, that was voluntarily filed by Mr. Edwards' counsel as related to the termination. And then at the 11th hour, Mr. Gill stipulated to a denial of that writ and judgment being rendered in favor of the respondents. So that really has been the thrust of my argument. So any procedural deficiency or any merit was waived at the time Mr. Gill stipulated to dismissal of the writ as it related to the termination. What is your view of what would happen? Let's assume for the sake of this question that a person is completely incapacitated, whether mentally or physically. Let's say they're in a coma, so there's no question about it. They can't make a decision whether to appeal or not to appeal or anything. What happens in that setting? I think if incapacity is demonstrated, then there should be an abeyance of the hearing. I think implicit, as the Court pointed out, implicit in the Civil Service Commission itself was he indicates, one, I cannot make a decision whether or not to proceed with the appeal. He doesn't say my incapacity prohibits me from making a decision, period. Then Mr. Gill shows up, submits, in my opinion, to the jury. That was his argument, was that he was too incapacitated to determine whether to appeal or participate in the appeal. But where in the CSC decision, if anywhere, do you find a finding that he was not so incapacitated as to preclude hiring a lawyer or doing anything else? I don't think that was a specific finding. In essence, they proceeded by way of default prove-up, in my opinion, simply because there was no evidence proffered by the petitioner at the Personnel Commission level. Well, did the Civil Service Commission have to implicitly make a finding that he was capable of proceeding when they denied the continuance based on the evidence that they had in the record? I think they would have to do that. And then go by default? Correct. I think that would have to be the indication. If they had found he was incapacitated, I do not believe they could go forward with the Civil Service Commission. They gave him ample opportunity to participate. He was represented by counsel. Mr. Gill simply walked out, as opposed to establishing on the record. I think Mr. Gill had a duty at that point in time to establish unequivocally on the record Mr. Edwards' incapacity at that Personnel Commission hearing level. Then go up to the City Council for appeal. But, again, Mr. Gill stipulated to the dismissal of the writ of mandate with prejudice on that very issue. So the place where things got sideways from opposing parties' viewpoint, and your understanding is that at the time the Commission said we're going forward anyway, was the time for the lawyer to make an offer of proof about the incapacity further than what he had already done. Absolutely. At the writ of mandate level, he should have raised the incapacity issue, and any procedural due process issues, anything on the merits, and ultimately the conclusion was reached by Mr. Gill, I will stipulate to the dismissal with prejudice judgment entered in favor of respondents, which acts, in my opinion, as not only issue preclusion, but claim preclusion in a subsequent lawsuit under the federal theories pled, including 1983. Let me share with you some of the problems I'm having here in trying to get a handle on where we are and where we've been. You start out with a letter from a layman, non-lawyer, wife, saying something, and the Commission treats this as an appeal. Then when some lawyer thinks they can appear as an appellant and make a special appearance in a court that they haven't chosen to be in and are not compelled to be because ostensibly they selected it, right, and tries to make something that they call a special appearance, being a reluctant petitioner. Don't want to be here, but I want to be a petitioner. Won't just say I'm ready to go home. Then the Commission goes ahead and adjudicates something. Then we have mandamus with its limited scope and is dismissed with prejudice. Is mandamus the way these things are reviewed at all, judicially? Yes, Your Honor. On the merits? Yes, Your Honor. Okay. Then we have a claim based on federal statutory law, anti-age discrimination, that's somehow precluded by a city council's decision. How do we get there? Your Honor, I think really it's not the city council's decision. It is the decision to dismiss the writ of mandate with prejudice. It's the equivalent of on the merits adjudicated. It's like dismissing a case with prejudice. So your point is that by going to the Commission and the city council with an anti-age discrimination complaint under federal law, it's a bar to getting into federal court? No, Your Honor. He went to the Commission on termination grounds. The motion, again, is set aside. He never got to the merits, never got to flesh out his claims whatsoever. Well, how do we know he didn't just present his state claims there? We don't know. But with the dismissal of the writ of mandate with prejudice, it's not only what he brought but what he could have brought. Oh, well. Under race judicata theories, he could have chosen not to participate whatsoever under counsel's argument, ran into state court or federal court, and perfected his remedies. Unfortunately, Mr. Edwards' counsel made an election to proceed in the manner he did, and he runs into a procedural bar in the federal case. So your contention is that he effectively barred any federal theory of remedy that he might have had for this termination because he complained about it in that forum? No, because he dismissed, he did not proceed on the merits at the superior court level. But he filed the writ of mandate. Yes, he did. And the writ of mandate is essentially an appeal of the termination. That is correct. Okay. That not mandate as we know it in the federal system, then, or? No, Your Honor. It specifically petitions the decision of the Commission. It's an appeal to the courts, right? You go through the administrative part, and then you go, it's an appeal to the superior court. That is correct. Now, was there any indication he was specially appearing there? No, Your Honor. The petition was filed. The petition ran its course. And Mr. Gill, in his own brief, says that because Judge Vargas ruled against him on the demotion by writ of mandate, he unilaterally decided to dismiss without proceeding on the merits as to the writ of mandate to the termination. Now, he's compounded the problem. He has now filed a Rule 41 dismissal of the entire action with prejudice, which I dealt with in my brief as well. In the district court. In the district court. He did not reserve the right to appeal. And we have raised the ability of this court to have jurisdiction on this appeal whatsoever. Now, the problem, again, in my opinion procedurally, is if Mr. Gill and Mr. Edwards did not want to live within the four squares of that dismissal, they should have set it aside under the Federal Rules of Civil Procedure, and they had a year to do so. You said earlier that you agreed that the administrative proceeding could not go forward if the person involved was completely incapacitated. And you've also agreed that there was no finding one way or the other whether he was incapacitated or not. What do we make of that? That is simply counsel's opinion. I have not fleshed out the incapacity issue. No, no, no. I'm going on the things that you said to me earlier. You agreed with the proposition earlier that if a person, if a person is incapacitated, it's not proper for the proceeding to have gone forward. I understand you don't concede that he's in that category, but that was a theoretical thing that you said earlier. And you also said that there was no finding by the commission one way or the other as to his capacity to go forward in the face of an allegation that he was incapacitated. And so I guess doesn't that seem like a gap in what the commission did? Didn't they have to make a finding one way or the other before they could proceed or could they just blow right past it? The incapacity issue would require certain findings, and I'm operating just based on my general understanding of incapacity. If he was truly incapacitated, my experience is you have some form of guardianship, either through an ad litem mechanism or a formal guardianship. But didn't they have to deal with that more than just say we're tired of waiting and we're going to go forward today? Didn't they have to deal with that claim in some way more formally than just saying we're just going to go ahead because we're tired of waiting? I would be of the opinion that the petitioner would have the burden of proof on incapacity. That implies that there's a certain answer, but I guess my concern is they didn't make a decision about that explicitly. They didn't demonstrate on the record that they thought about it one way or the other. Even to say, you know, what you said, which is a person who's incapacitated can't go forward, but they haven't carried their burden of proof. It's their burden of proof, and we have these three or four letters, and they're not good enough, and so we're going to go on. That would be kind of a different animal than what we have. I think under the law, simply a letter would not suffice the incapacity issue. There are certain checks and balances. If I could simply say I was incapacitated by writing a letter, that would lend itself to me getting out of my mortgage, all my contractual obligations, because I could allege without supporting medical opinion with the proper foundation that I was incapacitated. I mean, what does the record show in terms of requests for the doctor's report? Did they present it on their own, or did the commission request, give us medical? The commission asked for supporting medical. And where did that occur in between which request for continuance? That was after the first request for continuance. And there is medical evidence in this record. There is a hearsay document without, in my opinion, proper foundation. Was that issue raised below? I did not see that issue fully fleshed out. The rules of evidence are somewhat relaxed at these commission levels. Obviously, in superior court, there would be the physician coming in, rendering the opinion, the basis, cross-examination. That did not occur. What is your suggestion to this court as to what we do, given the fact that there has been assertions about his capacity at other levels? Excuse me. And now we know there are those assertions. And, in fact, we're being asked to rule in his favor because of the claim here that somebody proceeded without, in spite of his incapacity. Should we ignore it? And if this person happens to be, in truth, long-term incapacitated, from the very beginning and to this day, with all of us running around asserting his condition but not knowing and not willing to prove it, all of this is an idle exercise, is it not? It is, Your Honor, unfortunately, because it could go ad nauseum. It could. And it could be that this man truly has been in long-term need of guardianship or some sort of legal structure that will either stop this kind of litigation or put it in an authoritative portion. I do think it's incumbent upon the claimant or Petitioner, through family members, himself, to take those steps. Certainly not incumbent upon us. And in the absence of those steps, what do we do? Go ahead and decide. I think you do, Your Honor. I think you do. Well, why shouldn't we remand it to the district court to determine whether Mr. Edwards was mentally incapable of proceeding or participating in the proceedings below? Why? Because procedurally, one, the issue was not raised at the district court level. So this would be first impression. Capacity is truly not before this court. Well, isn't it somewhat always before us? So we don't want to adjudicate a case when a person is totally incompetent, do we? But all we have, Your Honor, at this point, with all due respect to counsel, are statements that he is incapable of proceeding. We have a suggestion. We have a suggestion. We also have doctor's letters that at least in 2001, upon observation, this person was not able to listen and remember and do all the things that are necessary to assist counsel. What's interesting about that, and contained within the record, is the termination of the motion were going parallel.  But see, we're not able to. At this level, how can we possibly deal with that kind of a factual dispute? He's signing something that's presumptively valid, and yet there's a physician who's a psychiatrist of apparently good qualifications who's making observations about him that suggest that he's not capable of proceeding. And I don't see how we can resolve that here when nobody has in a factual sense really tried to resolve it below. I mean, this is a procedural knot that only lawyers could create. But underlying all this, there's some kind of issue that seems like it should have been dealt with on the facts somewhere along the line. If Mr. Edwards is truly incapacitated, there's no lack of empathy on the part of counsel. It's just unfortunate that Mr. Edwards has boxed himself out procedurally. We can't deal with the incapacity on the issues here at this level, in my opinion. All we're left with is, in my opinion, procedural error being made that ultimately led to the dismissal of this lawsuit. No filing of a governmental tort claim. State claims go out. The filing of a dismissal in the district court with prejudice, with no reservation of appeal. The dismissal with prejudice of the written mandate on the very crux of the case in front of this panel. Those procedural decisions by qualified, confident, active counsel bar Mr. Edwards' rights to move forward, in my opinion, irrespective of the incapacity issue, which has not been flushed out. Well, at the same time, you're saying confident counsel. Confident counsel repeatedly saying that this man is incapacitated. He did not say that when he dismissed the written mandate. He did not say that when the petition was filed. He did not say that when he filed the dismissal in this court, Your Honor. Okay. Thank you, counsel. Thank you. We've used a lot of your time with questions, so we'll give you two minutes for rebuttal. If we ask more questions, we'll give you more time. Thank you, Your Honor. Just a couple of follow-ups. In the Civil Service Commission, there were, as the court has pointed out, there were letters from Dr. Kalish that were submitted to the commission. And as part of the excerpts of the record are the transcripts of the hearings, both before the Civil Service Commission and before the city council. In the three instances, and even on the last instance, when the Civil Service Commission determined to go forward, the commission did not question whether or not Mr. Edwards was disabled. The question posed by the members of the commission was, how long is he going to be disabled? How long can we let this run? Some of the very questions that Your Honors have asked. So there was no question on the record by the commission or any comment by any member of the commission indicating that they did not believe this man to be disabled at that time. What is your response to the Rule 41 argument of opposing counsel, that we shouldn't be here? Well, Your Honor, I obviously disagree. I think we should be here. Just as a matter of clarification, the complaint was filed in district court on March 2nd of 2002. The writ of mandate was filed in the superior court on March 18th of 2002. So he did not run to federal court after the writ of mandate issue. Be that as it may, it's the position of Mr. Edwards that never having properly been before the commission, never having made that option, and we did, in fact, make this argument in our opening brief starting at page 19, and we did cite the case that I have cited, the California Supreme Court case of Schifando v. City of Los Angeles. So that is in our brief, and it is extensively discussed in our brief. Never having been properly before the commission, anything that flowed from that commission's decision, there was no hearing on the merits. What Mr. Edwards did throughout this process was try to he was set on a path, and he kept trying to say, whoa, I don't want to, I don't know if this is the path I want to be on. I am not ready to appeal through this commission. And as the California Supreme Court made clear in this case, he has that option. He did not make the option to go on this path, so anything that flowed from it was not a decision on the merits. The second point was with the medical documentation. There was medical documentation submitted. At one point in the record, when they were asked. Isn't there a presumption of competence? Wouldn't that be his burden to show he's incompetent? And he did. He presented several documents, letters from Dr. Kalish, attesting to his inability to make this decision. And at one point, Mr. Gill even went so far as to ask, is there something more that you need? If you need more than what I have given you, give me some guidance. And the commission declined to do so. Well, now, the fact that Mr. Gill then later files the writ of mandate and there are other procedures that go on, since he didn't renew his incompetence at that point, are we to presume that he was competent at that point? Your Honor, I wish I could say yes or no. I guess. Well, I don't know. Can you have it both ways? No, I guess you can't. I was just going to say, I can't have it both ways. So I would have to presume that he was competent enough to decide that that was the route he wanted to take. However, even by filing the writ of mandate, since there was no decision on the merits, the filing and the dismissal. But if you're competent at that point to file it, wouldn't that be the time to bring up that everything that occurred previously should be null and void because you were not competent? But then you go ahead, you're competent to appeal to the superior court, and then you're competent to dismiss it with prejudice, and you never deal with that. And that's what he had done, essentially, in his complaint in the district court. I mean, appellee is essentially saying that's where you should have done it, and by not doing it there, then we're not supposed to worry about it at this point. But he had already filed his complaint in the U.S. district court wherein he was challenging those, but it was never flushed out. Thank you, counsel. Thank you. We appreciate both of your arguments, and the case just started to be submitted.
judges: Leavy, Graber, Callahan